UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEROY PEOPLES,

                                      Plaintiff,

        v.                                                              9:22-CV-1263
                                                                              (GTS/TWD)

ANTHONY ANNUCCI, et al.,

                                      Defendants.
_____

APPEARANCES:

LEROY PEOPLES
05-A-2620
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. LETITIA JAMES                            AIMEE COWAN, ESQ.
New York State Attorney General            Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

I.      **INTRODUCTION**

      Plaintiff Leroy Peoples commenced this action by submitting a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). By Decision and Order entered on January 17, 2023, this Court granted the IFP Application, dismissed

some of plaintiff's claims and some of the named defendants following a review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and found that plaintiff's Section 1983 intimate association claim against defendant Shea, based on the continued existence of a no-contact condition of parole following plaintiff's final revocation hearing, survived sua sponte review and required a response.  Dkt. No. 5 ("January 2023 Order").

Following the January 2023 Order, counsel acknowledged service on behalf of defendant Shea.  Dkt. No. 12.

Presently before the Court is a letter motion filed by plaintiff seeking partial reconsideration of the January 2023 Order.  Dkt. No. 13 ("Motion for Reconsideration"). Counsel for defendant Shea has opposed the motion.  Dkt. No. 18.

## II.	MOTION FOR RECONSIDERATION

### A.	Relevant Legal Standard

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party

seeks solely to relitigate an issue already decided." *Id.*[1]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

**B.     Overview of the Complaint and January 2023 Order**

Plaintiff's complaint asserts Section 1983 claims based on his parole revocation and conditions of confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  *See generally* Compl.

More specifically, the complaint alleges that plaintiff was detained for one or more parole violations on June 18, 2021, apparently based on statements made by his wife to the Binghamton Police Department and plaintiff's Parole Officer, defendant Shea, on June 14, 2021.  Compl. at 4; Dkt. No. 1-2 at 13.[2]  The complaint further alleges that while plaintiff was in custody, defendant Shea "'arbitrarily and capriciously' imposed a new special condition of parole" prohibiting plaintiff from having contact with his wife.  Compl. at 4.

According to plaintiff, as a result of this new special condition, he has been denied contact with his wife since June 18, 2021, even though defendant Shea allegedly "admitted" during plaintiff's final revocation hearing on May 18, 2022, that plaintiff was in custody when the no-contact condition of parole was implemented.  Compl. at 4, 6.  Plaintiff also alleges that if the "illegally imposed special condition of parole" is revoked, he would be entitled to "earned time credit" since the date this condition was imposed, which would require that he

---

[1] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

[2] On July 2, 2021, plaintiff's wife signed an affidavit recanting these statements.  Dkt. No. 1-2 at 13.

3

be "discharge[d]" from post-release supervision.  Compl. at 5-6.[3]

The complaint was construed to assert a First Amendment free association claim and a Fourteenth Amendment due process claim against defendant Shea based on the imposition of the no-contact condition, and Eighth and Fourteenth Amendment claims against defendants Stanford and Annucci based on these officials allegedly failing to afford plaintiff retroactive earned time credit.  *See* January 2023 Order at 6-7.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 claims for monetary relief against the defendants in their official capacities with prejudice, dismissed his Section 1983 claims against defendants Stanford and Annucci without prejudice for failure to state a claim upon which relief may be granted, dismissed his claims against defendant Shea insofar as they were based on the initial imposition of the no-contact condition and charged violation of that condition, and found that his intimate association claim against defendant Shea survived sua sponte review insofar as it was based on the continued existence of the no-contact condition following plaintiff's final revocation hearing.  *See* January 2023 Order at 8-18.

As is relevant to the current motion, the Court dismissed plaintiff's due process claim against defendant Shea on several grounds, including that the claim is barred by the "favorable termination rule" articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994) insofar as plaintiff "is currently incarcerated, at least in part, for violating the no-contact condition of parole implemented on June 18, 2021."  *See* January 2023 Order at 14.

---

[3] Curiously, plaintiff separately alleges that he does not seek to challenge his "current parole-violation" and instead seeks only to challenge "the illegally imposed special condition of [his] parole" and the failure to award him retroactive earned time credit.  Compl. at 6, 8.

4

### C.      Overview of the Motion for Reconsideration and Opposition

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Instead, plaintiff argues that the Court erred in dismissing his due process claim against defendant Shea. *See* Motion for Reconsideration at 1.

According to plaintiff, the January 2023 Order is deficient because it failed to (1) acknowledge Exhibit A of the complaint, which shows that plaintiff disputed the imposition of the no-contact condition on July 26, 2021, and (2) consider case law that "supports plaintiff's allegation that . . . he disputed the imposed condition as unjustified in violation of due process." *See* Motion for Reconsideration at 2. Plaintiff further states that his "appeal on the revocation of his parole is still pending, and thus, *Heck* would not invalidate the pending parole violation, because plaintiff's revocation of parole is not based 'solely' on the no-contact condition." *Id*.

Defendants argue that the Motion for Reconsideration should be denied primarily because plaintiff has failed to establish that the Court erred in concluding that plaintiff's due process claim is barred by the favorable termination rule pronounced in *Heck*. *See* Dkt. No. 18 at 2-3.

### D.      Analysis

As an initial matter, the Court expressly stated in the January 2023 Order that it had considered the documents attached to the complaint, and in fact discussed the very exhibit that plaintiff claims was not considered. *See* January 2023 Order at 4 n.3, 9. Thus, plaintiff's contention that the Court failed to consider Exhibit A in dismissing certain of his Section 1983

5

claims against defendant Shea is factually incorrect.

In any event, plaintiff states in his Motion for Reconsideration that (1) his appeal on the revocation of his parole is still pending, (2) his parole was revoked for reasons "in addition to" his violation of the no-contact condition, and (3) if the no-contact condition is invalidated in this action, the parole revocation process would not also be invalidated but rather would trigger a proceeding before the Board of Parole where defendant Shea would be required to demonstrate that the no-contact condition is "reasonably related" to plaintiff's underlying conviction.  *See* Motion for Reconsideration at 1-2.  None of these purported facts are included in the original complaint.[4]

The law is well-settled that "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court."  *Shrader*, 70 F.3d at 257.  "To allow reconsideration on [new facts] [. . .] would undermine the finality of court rulings[.]" *AEP-PRI Inc. v. Galtronics Corp*., No. 12-CV-8981, 2013 WL 5289740, at *2 (S.D.N.Y. Sept. 19, 2013), aff'd, 576 Fed. App'x 55 (2d Cir. 2014) (denying motion to reconsider because the plaintiff sought to amend his pleading with new facts that he previously failed to plead).  For this reason alone, plaintiff's motion must be denied.

Moreover, with respect to the last of the three new statements recited above, plaintiff's current contention that invalidating the no-contact condition in this action would not trigger his release from custody – such that his due process claim is not barred by *Heck* and its progeny

---

[4] As noted in the January 2023 Order, the complaint failed to detail any of the parole violation charges, other than the alleged violation of the no-contact condition, that formed the basis of plaintiff's parole revocation, or identify the charge(s) of which plaintiff was found guilty during his final parole revocation hearing.  *See* January 2023 Order at 9.

– appears entirely inconsistent with the allegation in his complaint that if the no-contact condition is invalidated, plaintiff would be entitled to an award of earned time credits in the amount needed to trigger his "discharge" from post-release supervision. *See* Compl. at 6. Yet plaintiff's motion does not even address the allegations in the complaint related to his "discharge" from post-release supervision, let alone explain how, despite such allegations, his due process claim is not barred by *Heck*. Stated differently, plaintiff has failed to explain how the Court erred in concluding, *based on the allegations in the complaint*, that his due process claim is barred by the favorable termination rule articulated in *Heck*.

Furthermore, with respect to the merits of plaintiff's due process claim against defendant Shea, and more specifically plaintiff's contention that certain case law "supports [his] allegation that . . . he disputed the imposed condition as unjustified in violation of due process[,]" the Court understands this to be a reference to cases holding that parolees are entitled to some measure of due process before certain special conditions are imposed. *See, e.g., Harris v. New York Div. of Parole*, No. 9:18-CV-1435 (LEK/TWD), 2019 WL 1958017, at *4 (N.D.N.Y. May 1, 2019) ("[B]efore imposing a parole condition that abridges a protected intimate relationship, the state must afford a parolee notice and an opportunity to be heard." (citing *Newman v. Annucci*, No. 17-CV-0918, 2018 WL 4554494, at *5 (N.D.N.Y. Sept. 21, 2018)).

The Court recognized the *Harris* case in the January 2023 Order, and noted that as in *Harris*, the complaint in this case fails to allege any facts regarding the circumstances leading up to the no-contact condition, or plaintiff's written assent to it. *See* January 2023 Order at 15-16. For these reasons, the Court explained that it had "no basis to plausibly infer that

plaintiff signed a document agreeing to the no-contact condition against his own volition." *Id*. (citing *Harris*, 2019 WL 1958017, at *4-5 (dismissing due process intimate association claim based on imposition of parole condition after plaintiff was released prohibiting him from contacting his fiancé as a condition of release because the complaint lacked allegations explaining why "the no-contact condition was unjustified by the circumstances underlying . . . revocation or [the plaintiff's] original offense[,]" how the plaintiff was "forced" to sign the condition, or "that he was not given an opportunity to be heard regarding the condition")). Plaintiff's Motion for Reconsideration fails to address, in any respect, this analysis, or point to allegations in the complaint that support a finding that the Court's conclusion was legally incorrect. Instead, the Motion for Reconsideration highlights the letter plaintiff sent to defendant Shea after he assented to the no-contact condition, wherein he objected to it. *See* Motion for Reconsideration at 2.

Plaintiff's motion, however, fails to acknowledge that the complaint does not offer any indication of what additional process plaintiff believes he was due after he assented to the no-contact condition. *See, e.g., Rodriguez v. City of New York*, No. 21-CV-8565, 2022 WL 3587598, at *12 (S.D.N.Y. Aug. 22, 2022) ("Plaintiff himself does not offer any indication of what process he believes he was due. Accordingly, even if Plaintiff had a constitutionally protected interest in being free from the special condition imposed in this case, Plaintiff's procedural due process claim must fail on the second prong – he fails to plead what process, if any, he was due before that condition could be imposed."). In addition, the complaint does not allege that the Parole Board was without authority to impose, through adoption, the no-contact condition, or that plaintiff was denied the opportunity to challenge the imposed condition during his parole revocation hearing. *See Pena v. Travis*, No. 01-CV-8534 SAS,

8

2002 WL 31886175, at *9 (S.D.N.Y. Dec. 27, 2002) (noting that "[r]eview of conditions of parole are generally matters for state courts").

Finally, although the complaint conclusorily alleges that the no-contact condition was "arbitrarily and capriciously" imposed, *see* Compl. at 4, as noted in the January 2023 Order, the complaint lacks allegations regarding the circumstances leading up to the imposed condition (and plaintiff's written assent to it), or why plaintiff believes it was unrelated to legitimate state interests in light of the crime and conduct underlying his conviction. *See* January 2023 Order at 15; *see also Yunus v. Robinson*, No. 17-CV-5839, 2019 WL 168544, at *20 (S.D.N.Y. Jan. 11, 2019) (noting that if an imposed parole condition bears "a reasonable relationship to the parolee's prior conduct or to a legitimate government interest such as rehabilitation, the prevention of recidivism and future offenses, and protection of the public," it is not arbitrary and capricious and does not violate the parolee's due process rights (citing *Singleton v. Doe*, 210 F. Supp. 3d 359, 374 (E.D.N.Y. 2016)).

In light of the foregoing, plaintiff has also failed to establish that the Court erred in concluding that the complaint lacked allegations from which the Court could plausibly infer that the imposition of the no-contact condition, by itself, violated plaintiff's due process rights.

In short, after thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the January 2023 Order. Moreover, based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice. Thus, plaintiff's motion for partial reconsideration of the January 2023 Order is denied in its entirety.

The Court will add only that plaintiff's due process claims were dismissed without

prejudice. *See* January 2023 Order at 16-18. In the event plaintiff wishes to clarify allegations made in his original complaint and/or provide additional details in support of his claim that the imposition of the no-contact condition violated his due process rights, he must file an amended complaint.

In the event plaintiff chooses to file an amended complaint, he must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in acts of misconduct or wrongdoing which violated his constitutional rights. Any amended complaint accepted by this Court shall supersede and replace the original complaint in its entirety, and must therefore be a complete pleading which sets forth all of the claims that he wants this Court to consider as a basis for awarding relief herein. Plaintiff's deadline to amend his pleading as a matter of course is set forth in Rule 15(a) of the Federal Rules of Civil Procedure.[5]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for partial reconsideration of the January 2023 Order (Dkt. No. 13) is **DENIED without prejudice** to him filing an amended complaint as set forth above; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: March 24, 2023
Syracuse, NY

Glenn T. Suddaby
U.S. District Judge

---

[5] Should plaintiff choose to file an amended complaint, the Court will review the pleading for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).