UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LEROY PEOPLES,

                         Plaintiff,

      v.                                       9:22-CV-1263
                                                       (GTS/TWD)

JOHN SHEA,

                        Defendant.

---

APPEARANCES:

LEROY PEOPLES
05-A-2620
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. LETITIA JAMES                    AIMEE COWAN, ESQ.
New York State Attorney General      Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

I.     INTRODUCTION

Pro se Plaintiff Leroy Peoples commenced this action by filing a complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order entered on January 17, 2023, the Honorable Glenn T. Suddaby granted

Plaintiff's IFP Application, dismissed certain claims and defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and found that Plaintiff's Section 1983 intimate association claim against Defendant Shea based on the continued existence of a no-contact condition following Plaintiff's final revocation hearing survived sua sponte review and required a response.  Dkt. No. 5 ("January 2023 Order").

Presently before the Court is Defendant Shea's motion to revoke Plaintiff's IFP status and conditionally dismiss the complaint.  Dkt. No. 19 ("Motion to Revoke").[1]  Plaintiff has opposed the motion, and Defendant Shea has replied to that opposition.  Dkt. No. 25 ("Opposition to Motion to Revoke"); Dkt. No. 26 ("Reply to Opposition").  For the reasons explained below, the Court recommends that the motion be denied.

## II.     MOTION TO REVOKE PLAINTIFF'S IFP STATUS

28 U.S.C. § 1915(g), often referred to as the "three strikes" rule, provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"The manifest intent of Congress in enacting this . . . provision was to deter the filing of multiple, frivolous civil rights suits by prison inmates."  *Ross v. Smith*, No. 9:18-CV-0039 (GLS/TWD), 2019 WL 5197222, at *1 (N.D.N.Y. July 8, 2019) (citing *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007) (citing *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997))), *report*

---

[1] Defendant Shea's motion seeks conditional dismissal of the complaint unless and until Plaintiff pays the filing fee for this action.

*and recommendation adopted by* 2019 WL 4126434 (N.D.N.Y. Aug. 30, 2019). "The question of whether the dismissal of a prior action constitutes a strike for purposes of § 1915(g) is a matter of statutory interpretation, and as such a question for the Court." *Id*.

In support of his three strikes motion, Defendant Shea has identified the following three lawsuits previously brought by Plaintiff which he claims were dismissed on grounds that constitute a "strike": (1) *Peoples v. Loiodice*, No. 10-CV-3155, Dkt. No. 3 (S.D.N.Y. Apr. 21, 2010) ("Action 1"); (2) *Peoples v. Pendergrass*, No. 16-CV-6915, Dkt. No. 6 (S.D.N.Y. Oct. 3, 2016) ("Action 2"); and (3) *Peoples v. Stanton*, 9:21-CV-1339, Dkt. No. 11 (N.D.N.Y. May 10, 2022) ("Action 3"). At least with respect to Action 2, this Court disagrees.

Prior to commencing Action 2, Plaintiff was a named representative of a class-action lawsuit. *See Peoples v. Fischer*, No. 11-CV-02694 (S.D.N.Y. filed Apr. 18, 2011) (*"Peoples v. Fischer"*). On December 23, 2015, the Court in that action issued an order granting the parties' joint motion for preliminary approval of a class-action settlement. *Id*., Dkt. No. 144.

In September, 2016, Plaintiff commenced Action 2, wherein he brought claims against the New York Civil Liberties Union Federation and two attorneys who represented him in *Peoples v. Fischer* based on the non-payment of funds allegedly owed to him pursuant to the settlement in that case. *See* Action 2, Dkt. No. 2. The complaint in Action 2 expressly alleged that it "raises allegations of legal malpractice, professional misconduct, [and] fraud-scienter" in addition to violations of the U.S. Constitution and the "Fair Debt Collection Act." *See* Action 2, Dkt. No. 2 at 2.

On October 3, 2016, the Honorable Andrew L. Carter, Jr. issued an order dismissing each of the federal claims brought by Plaintiff pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *See generally*, Action 2, Dkt. No. 6.

However, Judge Carter also acknowledged in his Order that Plaintiff "may be bringing state-law claims of legal malpractice, breach of contract, conspiracy, and negligence[,]" and declined to exercise supplemental jurisdiction over any such claims, stating, "[t]he Court expresses no view on the merits of any claims that Plaintiff may wish to bring in state court." *Id*. at 3, 7-8.  Importantly, Judge Carter did not rule that any such claims were frivolous or malicious.

The law in this Circuit is clear that an order dismissing all federal claims asserted in a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is not a "strike" when the complaint also includes state law claims that are dismissed for lack of subject matter jurisdiction, which is not a dismissal on the merits.  *See Escalera v. Samaritan Village*, 938 F.3d 380, 383-84 (2d Cir. 2019) (per curiam).  Although Judge Carter's Order did not expressly construe Plaintiff's complaint to raise state law claims, stating instead that Plaintiff "may also be bringing state-law claims[,]" the plain language of Plaintiff's complaint in Action 2 gives this Court less pause.  Furthermore, Judge Carter was clear in his decision not to exercise supplemental jurisdiction over any intended state law claims.  *See* Action 2, Dkt. No. 6, at 7-8.  Thus, the Court finds the reasoning in *Escalera* applicable to the dismissal order in Action 2, and that it therefore does not constitute a "strike."  *See also Talley v. Wetzel*, 15 F.4th 275 (3d Cir. 2021) (holding, where federal claims were dismissed for failure to state a claim, but the pendent state-law claims were dismissed based on the district court's decision to not exercise supplemental jurisdiction over the state-law claims, that the dismissal of the action does not count as a PLRA strike); *Fourstar v. Garden City Group, Inc*., 875 F.3d 1147, 1152 (D.C. Cir. 2017) ("When a district court has declined to exercise supplemental jurisdiction over state-law claims, the court has not dismissed the state-law claims for failure to state a

4

claim, nor has the court dismissed the state-law claims as frivolous or malicious. Therefore, a case in which a court declines to exercise supplemental jurisdiction over state-law claims does not count as a strike.") (Kavanaugh, J.); *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2016) (same); *Cannon v. New York State Dep't of Corr. & Cmty. Supervision*, No. 23-CV-0837, 2023 WL 2898665, at *1 (S.D.N.Y. Apr. 10, 2023) (finding that an order dismissing all of a plaintiff's federal claims for failure to state a claim and declining to exercise supplemental jurisdiction "over any state law claims he may have, including his slander claim" was a mixed dismissal under *Escalera* and therefore not a strike (quotation marks added from referenced order)); *Fate v. New York*, No. 19-CV-4107, 2021 WL 1177966, at *4 (S.D.N.Y. Mar. 26, 2021) (finding that an order dismissing a prisoner's complaint that was construed as "seek[ing] release from custody and monetary damages" based on allegations of illegally extending his sentence beyond his maximum release date was not a "strike" because the order also stated that "to the extent that Plaintiff's 'submission [could] be construed as a § 2254 petition,' it had to be dismissed" for failure to demonstrate exhaustion of available state court remedies).[2]

Based on the foregoing, the Court recommends that Defendant Shea's motion to revoke Plaintiff's IFP status under the three strikes rule and conditionally dismiss his complaint for failure to pay the filing fee (Dkt. No. 19) be denied.

## III.  CONCLUSION

**WHEREFORE**, it is hereby

---

[2] It also bears mentioning that a conclusion to the contrary would seemingly require this Court to hold that the dismissal order in Action 2 was not a mixed dismissal because no state law claims were asserted in the complaint, despite the plain language of the pleading. While there may be some ambiguity with respect to the dismissal order, there can be no doubt that Judge Carter never reached such a conclusion.

**RECOMMENDED** that Defendant Shea's motion to revoke Plaintiff's IFP status under the three strikes rule and conditionally dismiss the complaint for failure to pay the filing fee (Dkt. No. 19) be **DENIED**; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: May 9, 2023
    Syracuse, NY

**Thérèse Wiley Dancks**
**U.S. Magistrate Judge**

---

[3]  If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(c).