UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEROY PEOPLES,

                        Plaintiff,

                                                                9:22-CV-1263
v.                                                               (GTS/TWD)

JOHN SHEA, Parole Officer, Badge # 0142,

                        Defendant.
_____

APPEARANCES:

LEROY PEOPLES
  Plaintiff, *Pro Se*
Dell Motel
609 Court Street, Rm. #8
Binghamton, New York 13904

GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Leroy Peoples ("Plaintiff") against parole officer John Shea ("Defendant"), is United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendant's motion for summary judgment be granted based on Plaintiff's failure to exhaust his available administrative remedies before filing suit under the Prison Litigation Reform Act ("PLRA"), and that Plaintiff's intimate-association claim against Defendant be dismissed. (Dkt. No. 67.) Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally*, Docket Sheet.)

      After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks'

thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein, Defendant's motion for summary judgment is granted, and Plaintiff's intimate-association claim against Defendant is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 67) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 57) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's intimate-association claim against Defendant is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court is directed to file a Judgment for Defendant and close this action.

Because the Court certifies that an appeal from this Decision and Order would not be taken in good faith pursuant to 28 U.S.C. 1915(a)(3), the Court revokes Plaintiff's in forma

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

pauperis status with regard to any such appeal.

Dated: February 27, 2025
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge